## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT AND ARREST WARRANT

I, Matthew A. Keating, a Special Agent with the Federal Bureau of Investigation, being duly sworn, depose and state as follows:

### INTRODUCTION

1. I have been employed as a Special Agent ("SA") of the Federal Bureau of Investigation (FBI) since October 2005. I am currently assigned to the FBI Boston Division, where I investigate Violent Crimes Against Children (VCAC) and Human Trafficking. As a federal agent, I am authorized to investigate violations of laws of the United States and to execute warrants issued under the authority of the United States. I have been investigating crimes against children and human trafficking for more than four years, including the sexual exploitation of children, coercion and enticement of minors online, and child pornography offenses, as well as other violations of federal law. Prior to this assignment, I served in the Washington Field Office, investigating foreign counterintelligence matters, including criminal espionage investigations. After that, I worked in the New Orleans Division, investigating counterterrorism matters, as well as working on the criminal investigation of the Deepwater Horizon oil spill in the Gulf of Mexico. I also worked as a Supervisory Special Agent at FBI Headquarters in Washington, D.C. investigating insider threats against the U.S. government and specifically the FBI. I have gained experience and expertise through training at the FBI Academy at Quantico, Virginia, as well as on-the-job training and other courses over the years. I have received specific training in the area of child pornography and child exploitation and have had the opportunity to observe and review numerous examples of child pornography (as defined in 18 U.S.C. § 2256(8)(A), and also referred to in this Affidavit as "child sexual abuse material" or "CSAM") in all forms of media including computer media.

2. Moreover, I am a federal law enforcement officer who is engaged in enforcing the criminal laws, including 18 U.S.C. §§ 2251, 2252, 2252A, 2422, and 2423, and I am authorized by law to request a search warrant.

3. I submit this affidavit in support of a criminal complaint charging Peter CHO ("CHO") (YOB 1983) of Revere, Massachusetts with one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).

4. The statements contained in this affidavit are based on, among other things, my own investigation; information provided by U.S. federal law enforcement agents; written reports about this and other investigations that I have received, directly or indirectly, from other law enforcement agents; information gathered from the service of administrative subpoenas; the results of physical surveillance conducted by law enforcement agents; independent investigation and analysis by law enforcement agents/analysts and computer forensic professionals; and my experience, training and background as a Special Agent. Since this affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to secure a criminal complaint.

## PROBABLE CAUSE

5. Through an ongoing investigation into the TARGET WEBSITE,[1] which operated over the TOR network and facilitated the advertisement, distribution, and trafficking of child

---

[1] The name of the TARGET WEBSITE, as well as certain details regarding the website and its users, are known to law enforcement but not included here to protect operational security. Users of the TARGET WEBSITE and similar websites are often highly conscious of security and law enforcement activity. If users of the TARGET WEBSITE learned of the investigative activity set forth in this affidavit, they could take steps to jeopardize the broader investigation, including

pornography,[2] FBI identified CHO as an individual who had accessed or attempted to access the TARGET WEBSITE.

6. Pursuant to this investigation, FBI and other law enforcement executed federal search warrants (25-7525-JCB and 25-7526-JCB) to search CHO's residence in Revere, Massachusetts and his person for evidence, fruits, and instrumentalities of violations of 18 U.S.C. § 2252A. The affidavit submitted in support of the search warrants is attached as Sealed Exhibit 1.

7. Agents executed the warrants on October 29, 2025 at approximately 6:10 a.m. Upon entry to the residence, agents encountered CHO and CHO's fiancé, who also lives at the residence.

8. CHO was advised of his *Miranda* rights, which he waived in writing and agreed to speak with agents. The interview was recorded; the account that follows is summary in nature. Other agents interviewed CHO's fiancé simultaneously.

9. During the interview, CHO identified certain devices as belonging to him, including his cell phone, a gaming tower, a work laptop, and an iPad. He admitted to using TOR but stated that he did not use it often. CHO declined to speak further once agents began asking more detailed questions about his use of TOR.

---

by destroying evidence, changing patterns of behavior, alerting coconspirators, and fleeing from law enforcement.

[2] Child pornography" is a term defined by statute as "any visual depiction…of sexually explicit conduct, where the production of such visual depiction involves the use of a minor engaged in sexually explicit conduct." See 18 U.S.C. § 2256(8)(A). In recent years, child pornography has been more widely referred to as "child sexual abuse material (CSAM)," including by law enforcement and the National Center for Missing and Exploited Children. Where that term is used in this affidavit, it is used to refer to child pornography as defined by federal statute.

10. The search of the residence—a two-bedroom apartment—was conducted while agents conducted the interviews. In the second bedroom, which was furnished as an office, agents located a MacBook Pro laptop computer on top of a desk. CHO's fiancé identified the laptop as belonging to CHO, and CHO opened the laptop with his thumbprint, pursuant to the search warrant. A Samsung flash drive was attached to the laptop.

11. Personnel from the FBI's Regional Computer Forensics Laboratory were present on scene and, along with other law enforcement, conducted a preliminary review of the laptop and attached Samsung flash drive. In reviewing the laptop and Samsung flash drive, law enforcement observed files within the trash folder on the Samsung flash drive that appeared to depict child pornography. Law enforcement also observed that a TOR browser was downloaded on the laptop.

12. Initial examination of the contents of the drive's trash folder, which was accessible to agents notwithstanding encryption of the drive, revealed at least 12 media files that appeared to depict child pornography. In the paragraphs that follow, I describe three files from the trash folder that depict child pornography.

    a. File name: CUNNYCORE E3 - Addiction.mp4. Text displayed at certain times during the video states, "Hello Pedophile CUNNYCORE" and "PEDO PMV EPISODE 3". The file is a compilation of multiple videos and is several minutes long. The file includes one video depicting a female child who, based upon the child's lack of development and her size, appears to be approximately 7-9 years old. The child is fully nude and is seen in a bathtub with an adult male penis in her mouth. A second video in this compilation depicts another female child who, based upon the child's lack of development and her size, appears to be approximately 7-9 years old. The child is seen putting a green object into her vagina. A third video in this compilation depicts another female child who,

based upon the child's lack of development and her size, appears to be approximately 3-5 years old. The child is fully nude and is seen in a shower with a naked adult male who is putting his penis in her mouth.

  b. File Name: "wialnalt.mp4". Text displayed at certain times during the video states, "KiddyDaddy". The file is a compilation of multiple videos and is several minutes long. The file includes one video that depicts a female child who based upon the child's lack of development and her size, appears to be approximately 8-10 years old. The child is seen putting an adult male penis in her mouth. A second video in this compilation depicts another female child who based upon the child's lack of development and her size, appears to be approximately 7-9 years old. In this video, the child is fully nude and is seen on a bed with an adult male who is also nude and is putting his penis in her mouth.

  c. File name: "gihsngotodlatehla.mp4". Text displayed at certain times during the video states, "All The Good Things KiddyDaddy". The file is a compilation of multiple videos and is several minutes long. The file includes a video that depicts a female child who based upon the child's lack of development and her size, appears to be approximately 7-9 years old. The child is nude except for black stockings and is seen lying in a bed with an adult male penis in her hand. A second video in this compilation depicts a female child who based upon her facial features appears to be approximately 8-10 years old. This child is seen with an adult male penis in front of her face.

13. Forensic examination of the laptop and other computer equipment belonging to CHO is ongoing.

## CONCLUSION

14. Based on all of the foregoing, I submit that there is probable cause to believe that

on or about October 29, 2025, Peter CHO knowingly possessed material that contained one and more images of child pornography, as defined in Title 18, United States Code, Section 2256(8), that involved a prepubescent minor and a minor who had not attained 12 years of age, and that had been mailed, and shipped and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that had been mailed, and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, all in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and (b)(2).

Respectfully submitted,

*Matthew A. Keating by JCB*
Matthew A. Keating
Special Agent
Federal Bureau of Investigation

Sworn to me by telephone consistent with Fed. R. Crim. P. 4.1 and 41(d)(3) on this 29th day of October, 2025.

_____
HON. JENNIFER C. BOAL
UNITED STATES MAGISTRATE JUDGE